UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES MCGLOTHAN, #845357,

        Plaintiffs,

v.

        Civil No. 1:19-CV-13181
        Honorable Thomas L. Ludington

DREFKE, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983 by Michigan prisoner Charles McGlothan ("Plaintiff"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff alleges that he is an indigent prisoner and was not allowed to make copies of his motion for a "complaint of mandamus and want for subject matter jurisdiction" related to his state criminal proceedings. ECF No. 1 at PageID.5. He alleges that he was denied his right of access to the courts, that his grievances were improperly denied, and that he was denied equal protection and due process. He names Gus Harrison Librarian Drefke, Gus Harrison Warden Sherman Campbell, Michigan Department of Corrections Office of Legal Affairs employee Melody Wallace, and Michigan Department of Corrections Director Heidi Washington as the defendants in this action. He seeks monetary damages and injunctive relief. For the reasons that follow, the complaint will be dismissed.

**I.**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege facts indicating that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## II.

Plaintiff names Warden Sherman Campbell as a defendant in this action based upon his role as the warden and the person who denied his grievance. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be established based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff makes no such factual allegations against Warden Campbell. Any assertion that Warden Campbell failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not properly respond to the situation is

insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Additionally, to the extent that Plaintiff asserts that Warden Campbell (or any other defendant) violated his constitutional rights by denying his grievance, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaint and the responses to his grievance, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report). Plaintiff's complaint against Warden Campbell will be dismissed.

### III.

Plaintiff alleges that all the defendants violated his right of access to the courts. Prisoners have a constitutional right of access to the courts, which the states have an affirmative duty to

protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). The United States Court of Appeals for the Sixth Circuit, however, has ruled that the constitutional right of access to the courts does not entitle prisoners to unlimited access to free photocopying. *See, e.g., Bell-Bey v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. Mar. 28, 1994); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. Mar. 31, 1993); *Al-Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, *1 (6th Cir. May 19, 1992).

To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Examples of actual prejudice include having a non-frivolous case dismissed, being unable to file a non-frivolous complaint, and missing a court-imposed deadline. *Id*. at 353; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christoper v. Harbury*, 536 U.S. 403, 415 (2002). Additionally, a plaintiff must allege that the deprivation of rights was the result of intentional conduct to state a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence will not suffice. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

In this case, Plaintiff makes no such showing. First, though he states that he seeks to file a mandamus action related to his criminal proceedings, he does not indicate the basis for such an action nor provide any details to show that such an action would not be frivolous. Public records indicate that in 2012, Plaintiff pleaded no contest to three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct in the Calhoun County Circuit Court. *See* Offender Profile, Michigan Department of Corrections ("MDOC") Offender Tracking Information System("OTIS").
http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=845357.

Plaintiff did not pursue a direct appeal in the state courts, and the Michigan Supreme Court denied leave to appeal on collateral review in 2018. *People v. McGlothan*, 906 N.W.2d 776 (Mich. Feb. 20, 2018), *recon. den*. 911 N.W.2d 687 (Mich. May 29, 2018). Plaintiff thus does not have any pending litigation in the state courts involving his state criminal proceedings to which a mandamus action could relate. Moreover, under Michigan law, a state prisoner is ordinarily only allowed to file one motion for relief from judgment. *See* Mich. Ct. R. 6.508(G). Plaintiff thus fails to allege sufficient facts to show that the defendants' conduct or the prison policy precluded him from filing a non-frivolous action.

Second, Plaintiff fails to show that he was prejudiced by the defendants' conduct or the prison policy. While the Calhoun County Circuit Court apparently refused to accept his pleadings based upon his failure to submit an original and a copy of those pleadings, the court did not state that it would not accept a handwritten copy of the original pleadings. *See* Plaintiff's Attach. E. Plaintiff does not explain why he was unable to provide a handwritten copy of his pleadings to the court. Moreover, the response to his grievance indicates that he was allowed to make photocopies of any documents with a valid notary. *See* Plaintiff's Attach. B. Plaintiff thus fails to show that

his pleadings were rejected due to the defendants' conduct or the prison policy. Consequently, he fails to state a denial of access to the courts claim in his complaint.

## IV.

Plaintiff further asserts that the defendants violated his due process rights. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir. 1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience...or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). Plaintiff makes no such showing. Rather, his due process claims are purely conclusory. Conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff fails to state a due process claim in his complaint.

## V.

Lastly, Plaintiff asserts that the defendants violated his equal protection rights. The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff's equal protection claim lacks factual support. He fails to indicate with any specificity how he was treated differently from others who are similarly situated. As noted above,

conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91.

Moreover, prisoners are not a suspect class under the equal protection clause, *Jackson v. Jamrog*, 411 F.3d 615, 619, (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596-604 (6th Cir. 1998), and poverty is not a suspect classification. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28 (1973). Additionally, as discussed, prisoners do not have a fundamental constitutional right to photocopies. Thus, to the extent that Plaintiff asserts that he is being treated differently than other prisoners based upon his indigent status, such a claim is reviewed under a rational basis standard. *See Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005). To establish a constitutional violation under the rational basis standard, a plaintiff must demonstrate that the challenged policy involved "intentional and arbitrary discrimination" and that "there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In this case, the prison copy policy for indigent prisoners is rationally related to the government's interest in limiting copying expenses. The policy does not preclude indigent prisoners from pursuing litigation, but rather limits copies to required documents and to those materials which cannot be replicated by hand. Plaintiff's equal protection claim must therefore be dismissed. *See Kenny v. Washington*, No. 2:17-cv-1, 2017 WL 3097778, *5-6 (W.D. Mich. July 21, 2017) (dismissing similar challenge to prison copy policies).

## VI.

Plaintiff has not stated a claim upon which relief may be granted under 42 U.S.C. § 1983 and has not established a violation of his constitutional rights.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**. An appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3);

Dated: January 10, 2020   s/Thomas L. Ludington
　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Charles Melvin McGlothan** #845357, GUS HARRISON CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221 by first class U.S. mail on January 10, 2020.

　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager